David J. McGlothlin (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **KELLIE LOCKWOOD,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC; MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK,**<br><br>Defendants. | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681 ET SEQ.**<br><br>**Case No.:** 1:21-cv-00112-DBP<br><br>**Magistrate Judge: Dustin B. Pead**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress passed the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (hereinafter "FCRA") to promote accuracy, fairness, and privacy of information in the files of consumer reporting agency. The FCRA protects consumers from the willful and/or negligent disclosure of

        inaccurate information on consumer credit reports.

2. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendants EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and MANUFACTURERS AND TRADERS TRUST COMPANY ("M&T Bank") (or jointly as "Defendants"), for negligently, knowingly, and/or willfully reporting inaccurate information on Plaintiff's credit report after Plaintiff disputed that information.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all of the conduct engaged in by Defendants took place in Utah.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction over this matter because this action arises out of violations of the Federal Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.,* which is a federal statute.

8. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within this judicial district.

9. The Utah Division of Corporations and Commercial Code lists Equifax's address as One Utah Center, 201 S Main St, Salt Lake City, UT, within this judicial district.

10. Additionally, M&T Bank provided Plaintiff with a mortgage on a home in the County of Weber, in the State of Utah, within this judicial district.

11. Thus, Defendants have sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district; (2) Defendants are subject to personal jurisdiction by this Court because Defendants regularly conduct business within this judicial district; and (3) Plaintiff resides in the State of Utah.

## PARTIES

13. Plaintiff is a natural person residing in the County of Weber, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Defendant Equifax is a limited liability company doing business in the State of Utah.

15. Defendant Equifax is a national credit reporting agency doing business in Utah, with a principal place of business in Georgia.

16. Defendant M&T Bank is a corporation doing business in the State of Utah.

17. Defendant M&T Bank is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

## FACTUAL ALLEGATIONS

18. Sometime prior to September 2011, Plaintiff incurred certain financial obligations to M&T Bank related to a mortgage on a home.

19. Plaintiff sold the home around October 2017.

20. The mortgage was paid in full from the proceeds of that sale.

**Equifax Reporting**

21. In or about October 2020, Plaintiff reviewed her Equifax credit report. Specifically, Plaintiff reviewed an Equifax credit report dated October 20, 2020.

22. On the October 20, 2020 Equifax credit report, M&T Bank and Equifax reported the following:

> M&T Bank, Account No. 738001423*****: Status: Over 120 Days Past Due; Items As of Date Reported: 11/01/2017; Date of Last Payment: 10/2017.

23. On or around January 20, 2021 Plaintiff disputed the alleged debt with Defendant Equifax via letter sent by certified mail with return receipt requested.

24. Plaintiff's letter indicated that the Account Status of "Account 120 Days Past Due" for Account No. 738001423***** with M&T Bank was inaccurate because it was paid in full and closed.

25. Plaintiff's letter requested that Equifax and M&T Bank immediately correct the reporting to show that this account was paid in full and closed.

26. Plaintiff's letter enclosed a copy of her driver's license so that Equifax could verify that she is the account holder with M&T Bank.

27. Plaintiff's letter enclosed proof of the sale of the home.

28. Plaintiff's letter requested that Equifax include a 100-word statement on her credit report of all of the disputed information contained in her letter regarding that account, if it did not delete the entry.

29. On or about February 22, 2021 Plaintiff received a letter from Equifax stating that as a result of its reinvestigation, "THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *TERMS DURATION."

30. Equifax's letter included an excerpt of Plaintiff's credit report. It reads, in

part:
> M&T Bank, Account No. 738001423*****: Status: Over 120 Days Past Due; Items As of Date Reported: 02/22/2021; Date of Last Payment: 10/2017.

31. Equifax and M&T Bank did not remove the inaccurate information that the account was over 120 days past due.

32. Consequently, M&T Bank, a furnisher of information, and Equifax, a credit reporting agency, were reporting inaccurate past due information on Plaintiff's credit report.

33. Upon information and belief, Equifax timely notified M&T Bank of Plaintiff's dispute, but Equifax continued reporting the inaccurate and derogatory information.

34. Equifax was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

35. After receiving notice of Plaintiff's dispute, Equifax and M&T Bank republished the inaccurate and derogatory information on Plaintiff's credit report.

36. Plaintiff is informed and believes and hereon alleges that prior to investigating the alleged delinquency of the account, M&T Bank failed to maintain adequate procedures to verify whether the past-due status of Plaintiff's was accurate.

37. Plaintiff is informed and believes and hereon alleges that during the reinvestigation of Plaintiff's dispute, prior to Equifax providing reinvestigation results of the alleged debt, Equifax failed to maintain adequate procedures to verify whether Plaintiff's account was accurate, as required by 15 U.S.C. § 1681e(b).

38. Equifax failed to review and consider the supporting documents that Plaintiff provided with her dispute to Equifax, as required by 15 U.S.C. § 1681i(a)(4).

39. Thus, Equifax, upon receipt of Plaintiff's dispute, failed to conduct a reasonable reinvestigation with respect to the disputed information, as

required by 15 U.S.C. § 1681i.

40. Equifax failed to clearly note on Plaintiff's credit report that the derogatory information regarding the M&T Bank account is disputed and provide either a statement or a clear and accurate codification or summary thereof, as required by 15 U.S.C. § 1681i(b)-(c).

41. M&T Bank, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

42. M&T Bank failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(B).

43. Due to M&T Bank's failure to investigate, it further failed to correct and update Plaintiff's information on the account, as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681s-2(b)(1)(C).

44. Plaintiff's continued efforts to correct Defendants' erroneous and negative information by disputing the reporting were futile.

45. Defendants' continued inaccurate and negative reporting on Plaintiff's credit report in light of its knowledge of the actual errors were willful.

46. By inaccurately reporting the information after receiving Plaintiff's dispute, M&T Bank failed to take appropriate measures as determined in 15 U.S.C. §§ 1681s-2(b)(1)(D) and (E).

47. By furnishing information related to Plaintiff, while having specific knowledge that the past due status of her account is inaccurate, M&T Bank violated 15 U.S.C. § 1681s-2(a)(1)(A).

48. Plaintiff is informed and believes that Equifax published this inaccurate information to third parties causing damages to Plaintiff's reputation, creditworthiness, and ability to obtain credit.

49. As a result of Defendants' conduct set forth above, Plaintiff suffered non-economic damages in the form of mental anguish and emotional distress,

which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## COUNT I:
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C §§ 1681, *ET SEQ.*

50. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

51. The foregoing acts and omissions of each Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

52. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

53. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

## COUNT I:
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C §§ 1681, *ET SEQ.*

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

Dated: August 10, 2021                                    Respectfully submitted,

                                        BY: /s/ RYAN L. MCBRIDE_____
                                              RYAN L. MCBRIDE, ESQ.
                                              ATTORNEY FOR PLAINTIFF